John Tehranian (Bar No. 211616)
jtehranian@onellp.com
Jennifer A Mauri (Bar No. 276522)
jmauri@onellp.com
**ONE LLP**
23 Corporate Plaza Suite
Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

*Attorneys for Plaintiff*, Scott Hargis, d/b/a Scott Hargis Photo

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SCOTT HARGIS, d/b/a SCOTT HARGIS PHOTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NOVELLUS LIVING LLC, a Delaware limited liability corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:   4:25-cv-8578<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo, complains against Defendants Novellus Living LLC, a Delaware limited liability company, and DOES 1-10, inclusive as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendants for willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. § 501(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that Defendants transact business in this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, the property that is the subject of the action—the registered copyrights—is in this District, and the injury suffered by Hargis occurred in this District.

4. This Court has general and specific personal jurisdiction over Defendants. Among other things, defendants have their principal place of business in California, and do continuous and systematic business in the state of California, including by maintaining corporate operations in California and by offering senior living communities in California to residents in California.

## PARTIES

5. Scott Hargis, d/b/a Scott Hargis Photo, is an individual residing in Oakland, California.

6. Novellus is a Delaware limited liability company with its principal place of business at 3001 Lava Ridge Court, Suite 340, Roseville, CA 95661.

7. Does 1 through 10, inclusive, are unknown to Hargis, who therefore sues said Defendants by such fictitious names. Hargis will ask leave of court to amend this Complaint and insert the true names and capacities of said Defendants when the same

have been ascertained. Hargis is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "Doe" is legally responsible in some manner for the events and happenings herein alleged, and that Hargis's damages as alleged herein were proximately caused by such Defendants.

8.  Hargis is informed and believes, and based thereon alleges, that at all times herein relevant, each of the Defendants was the agent, alter-ego, servant, or employee of the remaining Defendants, and each was acting within the course and scope of such agency/employment relationship and with the knowledge and consent of the remaining Defendants.

## FACTS

### *Hargis and His Copyrighted Works*

9.  Hargis is a widely recognized architectural photographer based in the San Francisco Bay area. Hargis's photographs have appeared in numerous publications including *This Old House*, *Luxe Magazine*, *Dwell*, *The New York Times*, *The Wall Street Journal*, *Oakland Magazine*, *San Francisco Magazine*, *Diablo Magazine*, *Better Homes & Gardens, The San Francisco Chronicle*, and *The Los Angeles Times*.

10. Hargis is sought after by architectural and design firms around the world, including Woods Bagot, Gensler, Handel, SOM, and many others.

11. He is the author of the acclaimed book "The Essential Guide to Lighting Interiors," and frequently travels throughout North America and the world on assignment. A member of the International Association of Architectural Photographers, Hargis shares his expertise with students at workshops throughout North America, Europe, Australia, and the Middle East.

12. Among the countless photographs he has created in his career are seven photographs (the "Photographs"), true and correct copies of which are attached as Exhibit A, showcasing various subject matter within the Novellus Cypresswood senior living community in Spring, Texas.

2
**COMPLAINT**

13. The Photographs, which serve as the subject matter of this dispute, were registered with the United States Copyright Office on September 12, 2019, under registration number VA 2-174-022. Hargis is listed as the author and copyright claimant of the Photographs. As the author, Hargis owns and exclusively controls the rights to reproduce, adapt, distribute, and publicly display the Photographs.

14. As a professional photographer, Hargis's livelihood depends on his ability to generate revenue from his photographs. Like other photographers, he would suffer serious financial injury if his copyrights were not enforced. This would adversely impact his livelihood and ability to create new works.

### *Novellus's Infringing Conduct*

15. Novellus is an operator, marketer, promoter, and advertiser of active senior apartment, senior independent living, senior assisted living, personal care, memory care, respite care, and nursing services for seniors throughout the United States.

16. Novellus has, without permission or compensation to Hargis, reproduced, modified, distributed, and publicly displayed unauthorized copies of the Photographs and/or derivatives thereof wholesale on the website www.novellusliving.com/cypresswood (the "Website"). Attached hereto as Exhibit B are true and correct screen-captures evidencing Novellus's unauthorized commercial exploitation of the Photographs, side-by-side with the original Photographs.

17. Novellus has done so for blatantly commercial purposes, exploiting the Photographs to showcase Novellus Cypresswood in an idyllic and picturesque light as part of their advertising efforts so that they can entice prospective senior living residents and their families to choose Defendants' senior living communities over those of competitors.

18. Novellus is able to garner significant attention for Novellus Cypresswood by featuring the Photographs on the Website. The Photographs, each a unique work in and of itself, highlight different locations and amenities within

Novellus Cypresswood in an attractive manner, undoubtedly playing an important role in Novellus's marketing and promotional efforts intended to convince prospective senior living residents and their families to choose Novellus Cypresswood over those operated by competitors. Among other things, this attention—a direct consequence of the infringement—has translated into substantial ill-gotten commercial advantage and revenue for Novellus.

19. Novellus's acts of infringement are willful because, *inter alia*, it is a sophisticated, for-profit entity with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content. Novellus itself actively protects its own copyrights, including as demonstrated by the "©" notice they placed on the Website.

20. Even more pointedly, Novellus has been provided specific notice regarding its infringing activities and, despite cease and desist requests, including an exhaustive correspondence sent to it on April 3, 2025, a further email to Novellus Chief Executive Officer Chris Colter on April 23, 2025 and numerous subsequent communications, Novellus is—to Hargis's deep disappointment—continuing to infringe the works to this day (a whopping half-year since receiving a notice and a takedown demand). Indeed, the infringing images are still live on the Novellus website as of the filing date of this Complaint, as evidenced by the screencaptures shown on Exhibit C, representing true and correct copies of Novellus's website continuing to reproduce, distribute and publicly display high resolution copies of Mr. Hargis's images without authorization. Novellus's continuing acts of infringement constitute quintessential per se willfulness.

21. At all relevant times, therefore, Novellus clearly knew of the need for proper licensing of the Photographs and failed to obtain proper authorization for the uses detailed herein.

22. As a result of its willful infringement of seven of Hargis's copyrights, Novellus faces statutory damages of up to $1,050,000 for their unlawful actions, exclusive of attorneys' fees.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

23. Hargis incorporates herein by reference the allegations in paragraphs 1 through 21 above.

24. Hargis owns all copyrights in and to the Photographs, which are valid and subsisting under the laws of the United States.

25. Hargis has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, and the Photographs have all been timely registered with the United States Copyright Office.

26. Novellus, without the permission or consent of Hargis, reproduced, adapted, distributed, and publicly displayed unauthorized copies of the Photographs shown in Exhibit A hereto. Such acts constitute infringement of Hargis's exclusive rights under copyright pursuant to 17 U.S.C. §§ 106 & 501.

27. In addition, Novellus, without the permission or consent of Hargis, knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction, adaptation, distribution, and public display of unauthorized copies of the Photographs shown in Exhibit A hereto, and has the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities.

28. Novellus is therefore directly and secondarily liable for infringement under the Copyright Act.

29. Each of the Defendants directly and individually performed the acts alleged herein, and also did so jointly and in concert with one another, or as an agent or alter ego of the other. Accordingly, each of the Defendants are liable for all of the

1 acts alleged herein because they were the cause in fact and proximate cause of all injuries Hargis has suffered.

30. The infringement of Hargis's rights in each of his respective copyrighted works constitutes a separate and distinct act of infringement.

31. Novellus's unlawful conduct, as set forth above, was willful, intentional, and purposeful, in disregard of and with indifference to Hargis's rights.

32. Novellus's wrongful acts have caused, and are causing, great injury to Hargis, of which damages cannot be accurately computed, and unless this Court restrains Novellus from further and continuing commission of said acts, Hargis will suffer irreparable injury, for all of which he is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Hargis requests judgment against Novellus as follows:

a. For a declaration that Novellus willfully infringed Hargis's copyrights;

b. For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Hargis's copyrights, including preliminary and permanent injunctive relief requiring Novellus, and its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it to permanently cease from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringes Hargis's copyrights or exclusive rights under Copyright;

c. For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Novellus's willful violations of Hargis's rights under the Copyright Act or, in the alternative, at Hargis's election pursuant to 17 U.S.C. § 504(b), Hargis's actual damages, including Defendants' profits from infringement, in amounts to be proven at trial;

      d.    For an order pursuant to 17 U.S.C. § 503 requiring Novellus to deliver up for destruction or other reasonable disposition all copies made or used in violation of Hargis's respective copyrights;

      e.    For an order pursuant to 17 U.S.C. § 505 awarding Hargis his costs in this action, including his reasonable attorneys' fees;

      f.    For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Novellus; and

      g.    For any such other and further relief as the Court may deem just and appropriate.

Dated: October 7, 2025        **ONE LLP**

                                          By: /s/ John Tehranian
                                                  John Tehranian
                                                  Jennifer A. Mauri

                                                  *Attorneys for Plaintiff,*
                                                  Scott Hargis, d/b/a Scott Hargis Photo

## DEMAND FOR JURY TRIAL

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo hereby demands trial by jury of all issues so triable under the law.

Dated: October 7, 2025

**ONE LLP**
By: /s/ John Tehranian
    John Tehranian
    Jennifer A. Mauri

*Attorneys for Plaintiff,*
Scott Hargis, d/b/a Scott Hargis Photo